W. Scott Mitchell
William W. Mercer
Michael P. Manning
Holland & Hart LLP
401 North 31st Street
Suite 1500
P. O. Box 639
Billings, Montana  59103-0639
Telephone:  (406) 252-2166
Fax:  (406) 252-1669

ATTORNEYS FOR EXXONMOBIL OIL CORPORATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TINA CASTRO; COLLEGE PARK, LLC; JIM EDWARDS; LARRY FOX; BRAD KEMBEL; LC PROPERTIES, LLC; MCL PROPERTY HOLDINGS, LLS; CMG, INC.; JOHNSON LANE ENTERPRISES, INC.; JIM SWANSON; JERRY WILLIAMS; CATHY WILLIAMS; ERIKA WILLIAMS MADRIGAL; and BROCK WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> EXXONMOBIL OIL CORPORATION; EXXONMOBIL PIPELINE COMPANY; JON R. WETMORE, individually; and JASON MONTGOMERY, individually, <br><br> Defendants. | Cause No. _____ <br><br> **NOTICE OF REMOVAL** |

Defendant, ExxonMobil Oil Corporation, by and through its attorneys of record, Holland & Hart LLP, submits this Notice of Removal for the purpose of removing the above-captioned action from the Montana Thirteenth Judicial District, Yellowstone County, Montana to the United States District Court for the District of Montana, pursuant to 28 U.S.C. § 1446, and states that removal is proper for the following reasons:

1. On October 4, 2011, Plaintiffs filed their Complaint and Demand for Jury Trial (the "Complaint") in the Montana Thirteenth Judicial District, Yellowstone County, Cause No. 11-1419. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. ExxonMobil Oil Corporation was served with the Complaint on October 7, 2011.

3. This Notice of Removal is filed within thirty (30) days of service of the Complaint on ExxonMobil Oil Corporation, as required by 28 U.S.C. § 1446(b).

4. Upon information and belief, Plaintiff Tina Castro is now and was at the time of the filing of the Complaint a resident of the State of Montana.

5. Given that the Complaint alleges that Plaintiff College Park LLC owns 190 acres of land in Yellowstone County, Montana and no entity with the

name "College Park, LLC" has registered to do business in the State of Montana with the Montana Secretary of State, ExxonMobil Oil Corporation believes that Plaintiff College Park, LLC was misnamed in the Complaint and should have been identified as College Park, LLP.  Upon information and belief, College Park, LLP is a Montana limited liability partnership with its principal place of business in Billings, Montana.

6. Upon information and belief, Plaintiff Jim Edwards is now and was at the time of the filing of the Complaint a resident of the State of Montana.

7. Upon information and belief, Plaintiff Larry Fox is now and was at the time of the filing of the Complaint a resident of the State of Montana.

8. Upon information and belief, Plaintiff Brad Kembel is now and was at the time of the filing of the Complaint a resident of the State of Montana.

9. Plaintiff LC Properties, LLC is a Montana limited liability company with its principal place of business in Laurel, Montana.

10. Plaintiff MCL Property Holdings, LLC is a Montana limited liability company with its principal place of business in Billings, Montana.

11. Given that the Complaint alleges that Plaintiff CMG, Inc. is one of several plaintiffs who owns and operates business property in Yellowstone County, Montana, and no entity with the name "CMG, Inc." has registered to do business in the State of Montana with the Montana Secretary of State, ExxonMobil Oil

3

Corporation believes that Plaintiff CMG, Inc. was misnamed in the Complaint and should have been identified as CMG Construction, Inc.  CMG Construction, Inc. is a Montana Corporation with its principal place of business in Billings, Montana.

12. Johnson Lane Enterprises, Inc. is a Montana corporation with its principal place of business in Billings, Montana.

13. Upon information and belief, Plaintiff Jim Swanson is now and was at the time of the filing of the Complaint a resident of the State of Montana.

14. Upon information and belief, Plaintiff Jerry Williams is now and was at the time of the filing of the Complaint a resident of the State of Montana.

15. Upon information and belief, Plaintiff Cathy Williams is now and was at the time of the filing of the Complaint a resident of the State of Montana.

16. Upon information and belief, Plaintiff Erika Williams Madrigal is now and was at the time of the filing of the Complaint a resident of the State of Montana.

17. Upon information and belief, Plaintiff Brock Williams is now and was at the time of the filing of the Complaint a resident of the State of Montana.

18. Defendant ExxonMobil Oil Corporation is a New York corporation with its principal place of business in Irving, Texas.

19. Defendant ExxonMobil Pipeline Company is a Delaware corporation with its principal place of business in Houston, Texas.

20. Defendant Jon R. Wetmore is a Canadian citizen who is legally present in the United States by virtue of an L-1 work visa. *See* Declaration of Jon Wetmore, attached hereto as Exhibit B, at ¶¶ 1-3. Wetmore has not received permanent residency status under United States immigration law. *Id*. at ¶ 4.

21. For purposes of diversity jurisdiction, "if an alien is a citizen of a foreign state, the fact that the person may be a resident of the United States is irrelevant unless the alien has received permanent residency status under the United States immigration law." *Tevdorachvili v. Chase Manhattan Bank*, 103 F.Supp.2d 632, 637 (E.D.N.Y. 2000) (quoting 15 Moore's Federal Practice § 102.74 at 142 (3d ed. 2000)); *see also Foy v. Schantz, Schatzman & Aaronson*, 108 F.3d 1347, 1349 (11th Cir. 1996) (holding that the "permanent resident provision of [28 U.S.C.] § 1332(a) applies only to aliens who have received permission from the INS to remain permanent in this country"); *Kato v. County of Westchester*, 927 F.Supp. 714, 717 (S.D.N.Y. 1996) (individual who had lived in the United States for 27 years and "expressed every indication of wanting to remain in the United States indefinitely" was nevertheless a foreign citizen). Thus, Wetmore is a Canadian citizen for diversity purposes.

22. Jason Montgomery is a resident and citizen of the State of Montana. Montgomery, however, was fraudulently joined to this action because the plaintiffs cannot state a cause of action against him individually. *See Morris v. Princess*

*Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). More specifically:

    a.    Plaintiffs have named Montgomery as an individual defendant based solely on allegations that (i) he was "actively involved and participated in ExxonMobil decisions to ignore facts and warnings from governmental agencies that the pipe was too shallow and was exposed in a fashion that needed to be corrected; and (ii) he "failed after the spill was finally detected, to properly and timely implement shut down procedures." *See* Compl. at ¶ 11.

    b.    Any action or inaction taken by Montgomery related to (i) decisions regarding the depth of the Silvertip Pipeline; or (ii) shut down procedures after a spill was detected were taken solely within the course and scope of his employment. The Plaintiffs have not alleged that Montgomery acted in any fashion other than as an employee or agent of his employer and co-defendant ExxonMobil Pipeline Company and have not alleged that Montgomery acted for his own personal benefit, or on his own behalf. Thus, under Montana law, the Plaintiffs cannot state a cause of action against Montgomery individually. *See*

Order Granting Motion to Dismiss, *Flagstone Development, LLC v. Joyner*, No. CV-08-100-BLG-RFC (Apr. 29, 2010) (Dkt. #82) (summarizing Montana law and granting a defendant's motion to dismiss because all of the defendant's allegedly tortious actions were taken on behalf of her employer and co-defendant, not to further the defendant's own personal interest or for her own personal benefit).

23. The parties to this action are thus citizens of different states and meet the diversity of citizenship requirements set forth in 28 U.S.C. § 1332(a); *Ritchey*, 139 F.3d at 1318 ("It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds.").

24. Plaintiffs seek damages, including compensatory, restoration and punitive damages for alleged contamination of hundreds of acres of riverfront property. These damages exceed $75,000, exclusive of interests and costs.

25. This action is a civil action that may be removed by defendant to the United States District Court for Montana pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action brought in a state court in which the United States District Court has original jurisdiction.

26. Defendants ExxonMobil Pipeline Company and Jason Montgomery join in this Notice of Removal.[1]

---

[1] Defendant Jon R. Wetmore has not yet been served. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (all defendants who have been "properly . . . served in the action" must join a petition for removal).

27.    Promptly after filing this Notice of Removal, ExxonMobil Oil Corporation will file a copy of the Notice with the Clerk of the District Court of the Thirteenth Judicial District, Yellowstone County, Montana, and will provide written notice to counsel for Plaintiffs, all in accordance with 28 U.S.C. §1446(d) and Local Rule 3.2(a).

WHEREFORE, ExxonMobil Oil Corporation gives notice pursuant to 28 U.S.C. § 1446 of the removal of this action from the Montana Thirteenth Judicial District Court, Yellowstone County, Montana to this Court.

Dated this 27th day of October, 2011.

>                     /s/ W. Scott Mitchell
>                     W. Scott Mitchell
>                     Holland & Hart LLP
>
>                     ATTORNEYS FOR DEFENDANT
>                     EXXONMOBIL OIL CORPORATION

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

*****

I hereby certify that, on October 27, 2011, a copy of the foregoing document was served on the following persons by the following means:

```
 1, 3   CM/ECF
_____   Hand Delivery
   2    Mail
_____   Overnight Delivery Service
_____   Fax
_____   E-Mail
```

1. Clerk, U.S. District Court

2. A. Clifford Edwards
   Edwards, Frickle & Culver
   1601 Lewis Avenue, Suite 206
   P.O. Box 20039
   Billings, Montana 59104-0039

3. A. Christopher Edwards
   John W. Edwards
   EDWARDS, FRICKLE & CULVER
   1601 Lewis Avenue, Suite 206
   P.O. Box 20039
   Billings, Montana 59104-0039

/s/ W. Scott Mitchell

5270248_2.DOC