# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| **TINA CASTRO; COLLEGE PARK, LLC; JIM EDWARDS; LARRY FOX; BRAD KEMBEL; LC PROPERTIES, LLC; MCL PROPERTY HOLDINGS, LLS; CMG, INC.; JOHNSON LANE ENTERPRISES, INC.; JIM SWANSON; JERRY WILLIAMS; CATHY WILLIAMS; ERIKA WILLIAMS MADRIGAL; and BROCK WILLIAMS,** | **Case No. CV-11-119-BLG-RFC** <br><br> **O R D E R** |
| **Plaintiff,** | |
| **vs.** | |
| **EXXONMOBIL OIL CORPORATION; EXXONMOBIL PIPELINE COMPANY; JON R. WETMORE, individually; and JASON MONTGOMERY, individually,** | |
| **Defendants.** | |

## I. INTRODUCTION

Plaintiffs filed this lawsuit in Montana's Thirteenth Judicial District Court, Yellowstone County, to recover damages to their property along the Yellowstone River caused by the rupture of Defendant ExxonMobil Pipeline Company's

("EMPC") Silvertip Pipeline at the Yellowstone River crossing near Laurel, MT. Named as Defendants are EMPC, its parent company ExxonMobil Oil Corporation ("EMOC"), John Wetmore, manager of ExxonMobil's refinery in Billings, Montana, and Jason Montgomery, Terminal Superintendent for EMPC.

Defendants subsequently removed to this Court on grounds of diversity of citizenship. *Doc. 1.* Defendants note that all Plaintiffs are Montana citizens. With respect to the Defendants, EMPC is a Delaware corporation with its principal place of business in Houston, Texas and EMOC is a New York corporation with its principal place of business in Irving, Texas. Defendant Wetmore is a Canadian citizen who, although legally in the United States, is not a permanent resident and is therefore a Canadian citizen for purposes of determining diversity jurisdiction. 15 Moore's Federal Practice § 102.74 at 150.17 (3d ed. 2011). Finally, although Defendant Montgomery is a citizen of Montana, Defendants claim he was fraudulently joined in this action to defeat diversity jurisdiction.

Pending before the Court is Plaintiffs' Motion to Remand. *Doc. 16.* Since any doubt about the right of the removal requires remand, Plaintiffs' motion must be granted.

## II.   ANALYSIS

Removal was proper if there was complete diversity of citizenship–that is, if

2

each of the plaintiffs is a citizen of a different state than each of the defendants.  28

U.S.C. § 1332; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

In considering whether there is complete diversity, however, courts ignore defendants

who were fraudulently joined solely to defeat diversity jurisdiction.  *Morris,* 236 F.3d

at 1067.

     A defendant is fraudulently joined if the claim against that defendant would not

survive a Fed.R.Civ.P. 12(b)(6) motion to dismiss: "[j]oinder of a non-diverse

defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored

for purposes of determining diversity, if the plaintiff fails to state a cause of action

against a resident defendant, and the failure is obvious according to the settled rules

of the state."  *Id.* (internal quotations omitted).

     Accordingly, the issue is whether Plaintiffs state a valid cause of action against

Montgomery under Montana law.  A claim is subject to dismissal under Rule 12(b)(6)

Fed.R.Civ.P. if it lacks a cognizable legal theory or if it fails to plead sufficient facts

to state a claim for relief that is plausible on its face. *Johnson v. Riverside Healthcare*

*System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008).  A facially plausible complaint

"pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

1949 (2009).  Plausible does not mean probable, but there must be more than a "sheer

possibility" of unlawful action on the part of defendant.  *Id.*

> Here, the complaint alleges:

> Defendant Jason Montgomery is the Terminal Superintendent for Defendant ExxonMobil Pipeline and a resident and citizen of Yellowstone County. Defendant Montgomery participated in previous pipeline inspections and was well aware that there was an issue related to the depth of the Silvertip Pipeline at the Yellowstone River crossing and that the scouring and erosion caused by high water would impact the integrity of the pipe. These individual Defendants (Jon R. Wetmore and Jason Montgomery) are sued not only as agents of ExxonMobil, but individually, because they were actively involved and participated in the ExxonMobil decisions to ignore facts and warnings from governmental agencies that the pipe was too shallow and was exposed in a fashion that needed to be corrected. Those warnings were ignored and led to exactly what the warnings were about–the rupture of the pipe and injection into the Yellowstone River of ExxonMobil's toxins and crude oil, all of which has damaged the named and listed Plaintiffs in this Complaint. Further, these named Defendants failed, after the spill was finally detected, to properly and timely implement shut down procedures, causing more crude oil and toxins from ExxonMobil to empty into the Yellowstone River. This added more oil, soil, and spoil to Plaintiffs' properties and businesses.

Complaint, *doc. 4, ¶ 11.*  Montgomery is named in all six causes of action and Defendants do not challenge the plausibility of those allegations, but argue that Montana law shields officers and agents of a corporation from personal liability for acts taken on behalf of the corporation, and in furtherance of its goals policies, and business interests, citing *Little v. Grizzly Mfg.,* 636 P.2d 839, 842 (Mont. 1981). Defendants argue that any action or inaction on the part of Montgomery was

performed on behalf of ExxonMobil and that under Montana law, a corporate agent is not personally liable for actions taken in the course and scope of employment unless the agent commits an intentional tort, acts for his or her own interests, or violates a personal duty that exists separate and apart from the duty owed by the corporation.

While Defendants are correct that Montana law makes it unlikely that Montgomery will ultimately be liable to Plaintiffs, Plaintiffs are not required to prove their case at this point. It is Defendants that have the burden of overcoming the presumption against federal jurisdiction. *Moore-Thomas v. Alaska Airlines, Inc*., 553 F.3d 1241, 1244 (9th Cir. 2009). The Supreme Court long ago noted that the theme underlying diversity jurisdiction "is one of jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of 'business that intrinsically belongs to the state courts' in order to keep them free for their distinctive federal business." *City of Indianapolis v. Chase Nat. Bank of City of New York,* 314 U.S. 63, 76 (1941). This rule of restriction especially applies in the case of removal. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *see also Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988) ("the removal statute is strictly construed against removal jurisdiction"). Accordingly, "[f]ederal jurisdiction must be rejected if there is any doubt as to the

right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

In light of these principles, this Court has consistently granted motions to remand in cases just like this. *See e.g., McCarthy v. Northwestern Energy,* CV-09-29-BU-RFC (June 17, 2009); *Christian v. BP Amoco Corp.,* CV-08-45-BU-RFC (Dec. 9, 2008)*; Anderson v. BNSF Railway Co.*, CV 08-14-H-DWM (May 21, 2008); *Caven v. BNSF Railway Co.*, CV-04-41-GF-SEH (September 22, 2004). The principles underlying remand and removal also mean that this Court's decision in *Flagstone v. Joyner,* CV-08-100-BLG-RFC (Apr. 29, 2010), which is heavily relied on by Defendants, is inapposite.

As recently as 2009, the Montana Supreme Court affirmed the longstanding rule that corporate agents can be personally liable if they were personally negligent or their actions were tortious in nature. *Ammondson v. Northwestern Corp.,* 220 P.3d 1, 21 (Mont. 2009) *citing Crystal Springs Trout Co. v. First State Bank of Froid,* 732 P.2d 819, 823 (Mont. 1987). Here, for example, Plaintiffs allege Montgomery is the Terminal Superintendent for EMPC, that he had a duty to exercise reasonable care in the maintenance and operation of the Silvertip Pipeline, that he was aware that the Silvertip Pipeline was not buried deep enough below the Yellowstone River and that high water could damage the pipeline, that he was actively involved in ExxonMobil's

decision to ignore the warnings about the depth of the pipeline, and that the pipeline ruptured during an episode of high water on the Yellowstone. *Doc. 4,* Complaint, at ¶¶ 11, 15, 25. Plaintiffs have sufficiently alleged that Montgomery was personally negligent with regard to the Silvertip Pipeline.

The Plaintiffs in this action are Montana residents who bring ordinary, Montana-law causes of action for damage to property located in Montana against a Montana resident and a company that has a significant presence within Montana. Because this is "business that intrinsically belongs to the state courts" *see City of Indianapolis,* 314 U.S. at 76, Plaintiffs alleged causes of action against a Montana resident and filed in state Court. Having concluded that there is some doubt about the right of removal, *Gaus,* 980 F.2d at 655, this matter must be remanded.

## III.   ORDER

For those reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (*doc. 16*) is **GRANTED:** this matter is remanded to Montana's Thirteenth Judicial District, Yellowstone County.

Dated this 16th day of February, 2012.

_/s/ Richard F Cebull_____
Richard F. Cebull
United States District Judge

7